IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00114-GPG

DERRICK TAYLOR,

    Plaintiff,

v.

A.H.O. DURAN,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Derrick Taylor, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Taylor has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983 claiming his rights under the United States Constitution have been violated. He seeks damages as relief. Although not entirely clear, Mr. Taylor also may be seeking to be released from custody.

    The Court must construe the Prisoner Complaint liberally because Mr. Taylor is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Prisoner Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons stated below,

the Court will dismiss the action.

Mr. Taylor claims in the Prisoner Complaint that his rights were violated when he was convicted of a disciplinary conviction that resulted in his termination from community corrections and return to prison. Defendant is the administrative hearing officer who determined Mr. Taylor was guilty of a disciplinary offense. According to Mr. Taylor, he was unable to defend himself in the disciplinary proceedings because Defendant abused her discretion, exceeded her jurisdiction, violated due process and administrative regulations, and committed wrongful acts to send him back to prison even though she knew he was innocent of the disciplinary offense charged.

To the extent Mr. Taylor may be seeking release from custody, he may not pursue his claims in this civil rights action pursuant to 42 U.S.C. § 1983 because his sole federal remedy is a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973) (holding that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus"). If Mr. Taylor wishes to pursue any habeas corpus claims in this Court after exhausting state remedies, he must file an application for writ of habeas corpus on the proper form and he must name a proper Respondent.

Mr. Taylor may seek an award of damages in a civil rights action pursuant to § 1983. However, his claims for damages in this action must be dismissed because the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed

on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. Although Mr. Taylor is not challenging the validity of a criminal conviction or sentence, the rule in *Heck* also applies to claims that challenge other forms of confinement. *See, e.g., Edwards v. Balisok*, 520 U.S. 641 (1997) (applying rule in *Heck* to a prisoner's claims challenging disciplinary proceedings resulting in a loss of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation). In short, a civil rights action "is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

It is apparent that Mr. Taylor's claims in the Prisoner Complaint implicate the validity of his disciplinary conviction and removal from community corrections and, thus, the validity of his current incarceration that he contends is a consequence of his disciplinary conviction and removal from community corrections. Furthermore, Mr. Taylor does not allege, and there is no indication in the Prisoner Complaint, that he has invalidated the validity of his disciplinary conviction and removal from community corrections. Therefore, Mr. Taylor's claims for damages are barred by the rule in *Heck* and must be dismissed. *See Richardson v. Steffa*, No. 95-1447, 1997 WL 10964 at *3 (10th Cir. Jan. 14, 1997) (finding civil rights claims that necessarily implicate the legality of a prisoner's rejection from community corrections and subsequent incarceration are

barred by *Heck* absent prior invalidation). The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice because Plaintiff may not seek habeas corpus relief in this action pursuant to 42 U.S.C. § 1983 and his claims for damages are barred by the rule in *Heck*. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  22nd  day of    January    , 2015.

BY THE COURT:

   s/Lewis T. Babcock   
LEWIS T. BABCOCK, Senior Judge
United States District Court